**MULLINS COAL COMPANY, INC., Plaintiff,**

v.

**William CLARK, Secretary, United States Department of the Interior, Defendant.**

**Civ. A. No. 84-0452-A.**

United States District Court, W.D. Virginia, Abingdon Division.

Jan. 3, 1985.

Dennis Jones, Lebanon, Va., for plaintiff.

Elizabeth Tonkin, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is before the court on the plaintiff's motion for a temporary injunction. The plaintiff seeks to stay the enforcement of Cessation Order Number 84–13–285–4 which was served on December 4, 1984. The effect of the cessation order is to force the plaintiff to cease hauling coal over a haul road from the plaintiff's mine, located in Buchanan County, Virginia.

The United States Court of Appeals for the Fourth Circuit has clearly set forth the standards by which this court shall enjoin the Secretary under the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§ 1252–1272 (Act). In *Virginia Surface Mining and Reclamation Association, Inc. v. Andrus*, 604 F.2d 312, 315 (1979), the Fourth Circuit held that cessation orders issued by the Secretary shall not be stayed by injunctive relief unless the plaintiff shows the prerequisites for temporarily enjoining any order or decision issued by the Secretary, as set forth in § 526(c) of the Act (30 U.S.C. § 1276(c)). The prerequisites are: (1) that the parties to the proceeding have been given due notice and an opportunity to be heard; (2) that the party requesting the relief must show a substantial likelihood that it will prevail on the merits; and (3) that if relief is granted, it will not adversely affect the public health or safety or cause significant environmental harm to the land, air, or water resources.

There is no question that the first requirement has been met. A hearing was held by the court on December 20, 1984 at which counsel for the defendant appeared, cross-examined witnesses and had an opportunity to present evidence. The matter

has since been briefed and the court has directed the parties to furnish additional evidence.

As to the second requirement, the evidence presented to the court shows that the Commonwealth of Virginia has a program for enforcement of the Act which has been accepted by the Department of the Interior, Office of Surface Mining. Land, including the road in question, was duly permitted to the plaintiff by the Commonwealth of Virginia. Undisputed evidence shows that the alleged violation of the Act, a sloughing roadbed, is not located on the property governed by the permit. Two mine inspectors from the Commonwealth of Virginia and the president of the plaintiff corporation testified that the alleged slide was not located on the land permitted to the plaintiff and that the slide existed prior to the time that the permit was issued. Undisputed evidence shows that the plaintiff has operated this coal mine and used this road for more than four years. During this time, there has been no change whatsoever in the slide. The evidence further shows that the surface of the road is adequate, consisting of solid rock which is part of an old mining bench. For these reasons, the court finds a substantial likelihood that the plaintiff will prevail when this case is heard on the merits by an administrative law judge.

The evidence shows that the road slide which caused the cessation order to be entered has been stable for the four years that the plaintiff has used this property, having neither moved nor increased. There is no finding in the cessation order entered by the authorized representative of the United States Department of the Interior, David E. Beam, that the slide has caused any adverse effect on the public health or safety or that it poses any risk of significant environmental harm to land, air and water resources. There is no showing of any imminent danger of·harm to the environment. Therefore, the court finds no need for a cessation order.

█ The Secretary apparently concedes that the evidence in this case entitles the court to issue injunctive relief under *Virginia Surface Mining and Reclamation Association, Inc. v. Andrus.* The defense of the Secretary is that the plaintiff has failed to properly avail itself of the procedures for administrative relief set forth in the Act. 30 U.S.C. § 1275(c). The Secretary relies on the law set forth in *Shawnee Coal Company v. Andrus,* 661 F.2d 1083 (6th Cir.1981). The Sixth Circuit held that, before a plaintiff could seek judicial relief from cessation orders issued against its coal company, the company was required to exhaust its administrative remedies. *Id.* at 1092. However, a well-recognized exception to the doctrine set forth in *Shawnee* is applicable in this case. There is no need to exhaust a remedy if doing so would be a futile gesture. *Porter County Chapter of Izaak Walton League of America, Inc. v. Costle,* 571 F.2d 359 (7th Cir. 1978) *cert. denied,* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 130 (1978). The evidence shows that pursuit of administrative remedies by this plaintiff would be a futile gesture.

There is no question that Section 526(c) of the Act, 30 U.S.C. § 1276(c), authorizes judicial review of a decision by the Secretary which denies temporary relief. When a cessation order is issued after a notice of violation, a party may immediately seek temporary relief from the Secretary. The Secretary must respond to the request within five days after receiving it. The record shows that on December 10, 1984 the defense attorneys appearing before this court were notified by plaintiff's counsel that temporary relief was being requested. The Secretary relies upon the fact that the notice was not received on that date. However, the Secretary's own records show that seven days later, on December 17, 1984, the notice was received. The Secretary had not taken any action as of today's date, January 3, 1985. It is obvious that the Secretary has either failed to respond to the request or has denied the request for temporary relief.

█ The affidavit of Dennis E. Jones, attorney for the plaintiff, shows that he

was advised by Administrative Law Judge McGuire that no pleadings had been filed by the Secretary in response to his petition for review as late as January 2, 1985. Jones was further advised that the Secretary had not responded to the request for temporary relief from the cessation order within the required five days. In affidavits filed on behalf of the Secretary by Elizabeth S. Tonkin, Esquire,[1] and in a statement in response to this court's Order directing additional evidence, the Secretary does not deny he has failed to answer the request for temporary relief. The Secretary does not deny that he has failed to answer the request for review of the underlying notice of violation. Instead, the Secretary claims that the plaintiff has waived its right to a decision regarding temporary relief within five days.

In a memorandum filed with the court, the Secretary states that the plaintiff has failed to comply with 43 C.F.R. § 4.1263, which is the regulation providing temporary relief. The Secretary contends that the plaintiff has not filed (a) a detailed statement setting forth the reasons why relief should be granted; (b) a showing that there is a substantial likelihood that the decision of the administrative law judge will be favorable; and (c) a statement of waiver pursuant to 30 U.S.C. § 1275(c) for denial of the application within five days.

The court has reviewed the application for temporary relief from Cessation Order Number 84–13–285–4 of Mullins Coal Company, Inc. (Defendant's Exhibit 3). The court is of the opinion that the application for temporary relief complies with 43 C.F.R. § 4.1263. In submitting its application, the plaintiff stated that the (a) "applicant has been forced to cease hauling coal over the haul road; that he has filed an application of review of the underlying Notice of Violation"; (b) "applicant is of the opinion that the decision of the administrative law judge will be favorable to the applicant and that the granting of relief

will not adversely affect the public health or safety or cause any significant harm to land, air and water resources"; and (c) the applicant goes on to state that it "does not wish to waive its right to an evidentiary hearing and requests that a formal evidentiary hearing be held in Grundy, Virginia."

The Secretary contends that counsel for plaintiff originally waived, in a hearing before this court, the five-day requirement for the Secretary to respond. The record before the court shows that there was an express statement in the written documents that the five-day requirement was not waived. This court must rely upon the record before it.

▬▬ Contrary to the Secretary's argument, Defendant's Exhibit # 3 clearly shows that the plaintiff has not waived its right under the Act. Even if it were true that the application for temporary relief is not technically complete or in precise accord with the regulations, the Secretary nevertheless should have answered the plaintiff's request in writing within five days and formally denied the relief. This court is of the opinion that the requirement for the Secretary to respond within five days is unconditional and that said requirement is not subject to be changed by regulation. If the Secretary has the authority to deny relief solely because an application is not technically complete, he should have informed plaintiff that relief was denied for that reason. The court is of the opinion that the Secretary is being overly technical by reading the waiver into the plaintiff's petition. Counsel for plaintiff has explained by affidavit that he was constantly in court and encountered unnecessary delays in his effort to comply with the Act. The fact that the Secretary has gone to such lengths to prevent the plaintiff from a having a hearing in this case is almost beyond comprehension in a civilized society and constitutes, in this court's opinion, a denial of due process of law.[2] Therefore, it

---

1. The court also notes that counsel for the Government Elizabeth S. Tonkin, who has signed all legal documents in this case, has not been admitted to practice before this court.

2. The Secretary has imposed upon parties requesting emergency temporary relief regulations that are far, far more stringent, difficult and time-consuming than those required for one

is the ORDER of this court that the defendant is enjoined from enforcing its Cessation Order Number 84–13–285–4 until such time as the court has acted upon the permanent injunction.

The Clerk is directed to send certified copies of this Memorandum Opinion to counsel of record.

to file a civil action in a federal court. Fed.R. Civ.P. Rule 10. It is incomprehensible that a person should be denied relief for technical reasons without even being notified. This court has previously warned that a five-day rule be manipulated when bureaucrats were determined to deny due process of law to an individual. *Virginia Surface Mining Association, Inc. v. Andrus,* 604 F.2d 312 (4th Cir.1979).