W.D. MARTIN, d/b/a Martin Coal
Co., Plaintiff,

v.

Donald HODEL, Secretary of the U.S.
Dept. of Interior and U.S. Dept. of
Interior, Defendants.

Civ. A. No. 88–0133–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 11, 1988.

Elsey A. Harris, III, Norton, Va., for plaintiff.

J. Nicholas Holt, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This is a suit to enjoin the federal defendants from prosecuting the plaintiff for violating the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C.A. §§ 1201–1328 (West 1986 & Supp.1988) (The Act). Initially, this court has jurisdiction to determine its jurisdiction, an issue raised by the defendant. *Texas & Pacific Ry. v. Gulf, Colorado & Santa Fe Ry.*, 270 U.S. 266, 274, 46 S.Ct. 263, 265, 70 L.Ed. 578 (1927) *cited in McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir.1981).

## FINDINGS OF FACT

W.D. Martin, the plaintiff, operated a small coal mine in Dickenson County, Virginia for a period of approximately three weeks in 1981. At some point, a citizen complained, resulting in an inspection of the mine by the Office of Surface Mining, Bureau of the Mines, United States Department of Interior (OSM). The OSM inspector concluded that the mine had not been

restored to its approximate original contour as required by the Act because there was no sedimentation structure on the site, the highwall had not been covered, and no other reclamation work had been done. The OSM inspector, as required by 30 U.S.C.A. § 1271, issued a Notice of Violation (NOV), # 81–I–47–33, and a proposed civil penalty of $1,100.00 for (1) failing to pass all surface drainage through a sedimentation pond, 30 C.F.R. 715.17(a), and (2) failing to compact and regrade spoil material in order to eliminate the highwall, 30 C.F.R. 715.14.

Martin filed for a review of the NOV charged by OSM pursuant to 30 U.S.C.A. § 1275(a)(1). His defense was that 30 U.S.C.A. § 1278(3) (West Supp.1988) exempts him from reclamation because the area disturbed by his mining operations was less than two acres (two acre exemption). The Administrative Law Judge (ALJ) agreed, holding that the evidence "clearly showed that W.D. Martin and his coal surface mining operation at the site in question is exempt from the act." *Martin v. Office of Surface Mining Reclamation and Enforcement*, (CH# 2–29–R) at 2 (Office of Hearings and Appeals of the Dept. of Interior, March 11, 1982) (unpublished). The ALJ vacated the NOV for "lack of jurisdiction on the part of OSM to have issued the same." *Id.* at 3. OSM did not seek review of the decision.

Seven years later, OSM again inspected the site and issued another NOV, # 88–132–423–006. Through this NOV, OSM cites Martin for failure to transport, backfill and grade all spoil material, and to eliminate highwalls, spoil sites and depressions, in order to achieve the approximate original contour at the site Martin mined in 1981.

In response, Martin filed this suit to enjoin the federal defendants from prosecuting the 1988 NOV on the legal ground of *res judicata*. He argued that, since the ALJ found Martin's Dickenson County mining operation within the Act's two acre exemption in 1981, OSM is barred from further action for the same violation at the identical site when Martin has engaged in no further mining at the site. Further-

more, it is futile to pursue administrative remedies as OSM ignores unfavorable administrative results. He contends only an injunction from this court shall give Martin the relief he seeks. Of course, OSM disagrees, arguing Martin must make these legal arguments through the administrative process and this court is without jurisdiction to hear this case.

Martin testified at the hearing on the Preliminary Injunction. He stated that Martin Coal Co. was not incorporated and that he was using that name for fictitious trading purposes. He had retired in 1979 and ceased mining, except for two small mines. The first mine, near Colfax branch, was abandoned in February. The second, near Trammel branch, was operated for only three weeks in June and July of 1981. The Trammel mine was the subject of the first NOV. He testified that, at the original administrative hearing, he had indeed stated that he had done no other mining since his retirement but that he was wrong since he had forgotten about the first mine he had operated for only a week in February. When asked by the court whether these operations were simultaneous, Martin answered no. He further testified that he had not done any mining since the Trammel operation in the summer of 1981 and that the cost of reclaiming the 1981 site was beyond his means. Martin concluded by stating he was now fully retired from the coal business but that he did some farming.

The Government called Doyle Boothroy as a witness, who is a reclamation specialist with the Office of Surface Mining. He stated that the 1988 NOV is a result of the "two acre task force." This group resulted from a settlement the government made with an environmental group which had sued over the government's enforcement policies for small mines. Although OSM was aware of the 1981 administrative opinion, it nevertheless issued the 1988 NOV because it was not aware of Martin's February operation at Colfax in 1981. When the affected areas of these two mines are combined, the sum is greater than two acres. Boothroy testified that OSM relatedness criteria provide that two mines should be combined for purposes of apply-

ing the two acre exemption when (1) they are in the same watershed (they do not have to be physically connected); (2) involve the same mining company; and, (3) were operated within twelve months of each other. Boothroy confirmed Martin's testimony that there was no evidence of any further mining of the site since 1981. He also stated that no environmental harm had occurred at the Trammel site as a result of Martin's 1981 operation.

The Government contends that the court does not have jurisdiction of this suit because Martin has failed to exhaust his administrative remedies. The Act sets forth a complex scheme for review of the Secretary's actions. Thirty days after the Secretary issues a NOV, a coal operator must first apply to the Secretary for temporary relief. *See* 30 U.S.C.A. § 1276(c). If such relief is denied, the operator may seek judicial review in U.S. District Court where the mine is located. *Id.* § 1276(a)(2). Until that process is exhausted, the government contends a district court cannot assert jurisdiction. *Mullins Coal Co. v. Clark,* 759 F.2d 1142, 1144–46 (4th Cir.1985) *reversing* 600 F.Supp. 645 (W.D.Va.1984) (exercise of jurisdiction by this court enjoining Secretary from issuing NOV). When a statute provides for judicial review, review of agency action under that statute must be exclusively pursuant to those special review provisions. 5 U.S.C.A. § 703 (West 1977); *Whitney Bank v. New Orleans Bank,* 379 U.S. 411, 420, 85 S.Ct. 551, 557, 13 L.Ed.2d 386 (1965). Martin may only proceed to this court if he is dissatisfied with the ALJ's decision.

## CONCLUSIONS OF LAW

The court agrees with the government's argument as far as it goes. However, it assumes the Secretary is acting lawfully. Individuals are not required to exhaust administrative remedies when the administrative agency is acting unlawfully. The legal analysis in this opinion presents the "chicken or the egg" dilemma because the court cannot determine its jurisdiction until the merits of the case are decided. *See McKart v. United States,* 395 U.S. 195 (1969) (in a criminal prosecution for failure to report for induction, petitioner's failure to exhaust administrative remedies did not prevent him from raising the defense that it was illegal to draft him since the sole surviving son exception obviously applied). However, as will be shown later in this opinion, this case is *res judicata* and should never have been brought by the Government. Therefore, although the Act affords no specific review procedure for the illegal action by the Secretary, the court may rely on its general federal jurisdiction pursuant to 28 U.S.C.A. § 1337 (original jurisdiction for civil actions arising under any Act of Congress regulating commerce) to adjudicate this dispute.

## JURISDICTION

This court relies on *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), not cited by the plaintiff, for its jurisdiction. There, the National Labor Relations Board had certified a labor union as the exclusive collective bargaining unit for certain Westinghouse employees. The Act granting the Board its authority provided that the Board could not certify a unit if it included both professional and non-professional employees unless a majority of the professional employees voted for inclusion in the unit. The Board nonetheless certified the unit and refused to put the issue to a vote. Although a certification order was not a final order under the Act and therefore not subject to judicial review, the Court held the district court had original jurisdiction of a suit to enjoin the Board. The suit was not one to review a decision of the Board made within its jurisdiction; it was one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act. The professional employees had a right to vote on inclusion with a unit comprised of non-professional employees. "Surely, in these circumstances, a Federal District Court has jurisdiction of an original suit to prevent deprivation of a right so given." *Id.* 358 U.S. at 189, 79 S.Ct. at 184. Consequently, the district court had jurisdiction under 28 U.S.C.A. § 1337, since the suit arose under an Act of Congress regu-

lating commerce, although the Act in question had its own exclusive judicial review provisions.

The Supreme Court has stated that the *Kyne* exception is a narrow one and should not be used to attack a factual determination, only a legal one. *Boire v. Greyhound Corp.*, 376 U.S. 473, 481, 84 S.Ct. 894, 898–899, 11 L.Ed.2d 849 (1964); *Brotherhood of Ry. & S.S. Clerks v. Ass'n. for the Benefit of Non–Contract Employees*, 380 U.S. 650, 85 S.Ct. 1192, 14 L.Ed.2d 133 (1965). The Court has also relied on *Kyne* to allow a court to assert jurisdiction where the Board had not violated a specific prohibition in its authorizing Act, but where interests of international scope were at stake. *McCulloch v. Sociedad Nacional de Marineros de Honduras*, 372 U.S. 10, 16–17, 83 S.Ct. 671, 674–675, 9 L.Ed.2d 547 (1963). (District Court may assert jurisdiction over suit to enjoin Labor Board from requiring elections for alien sailors of foreign vessels). Although the *Kyne* doctrine and the Supreme Court cases applying it were labor suits, the Fourth Circuit has found its rationale applicable to the non-labor context to defeat a claim of failure to exhaust administrative remedies. *Mayor of Baltimore v. Mathews*, 562 F.2d 914, 920–21 (4th Cir.1977), *cert. denied*, 439 U.S. 862, 99 S.Ct. 184, 58 L.Ed.2d 171 (1978) (Per curiam) (U.S. Dept. of Health, Education & Welfare acted *ultra vires* thereby establishing federal jurisdiction in a suit under Title VI of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000d *et seq.* although administrative remedies had not been exhausted); *Philip Morris, Inc. v. Block*, 755 F.2d 368, 370 (4th Cir.1985) (Plaintiff could escape the requirement of exhaustion of administrative remedies in case involving handicap discrimination if Office of Contract Compliance Programs exceeded its statutory authority); *Cf. Starrett v. Special Counsel*, 792 F.2d 1246, 1251 (4th Cir.1986) (Argument that Merit Systems Protection Board exceeded its statutory authority could be raised for first time on appeal; analogous to *Kyne* exception to exhaustion of remedies rule).

This suit falls squarely within the *Kyne* doctrine and its progeny. Plaintiff alleges that OSM is without jurisdiction because the mine in question comes within the two acre exemption, as an Interior ALJ has held. OSM is acting illegally by issuing this NOV since it is without jurisdiction to force the reclamation it seeks. It would be futile to require plaintiff to return to the agency. The question of *res judicata* is legal, not factual; there is no need to rely on the agency's institutional expertise since a question of law is involved. *Boire*, 376 U.S. at 481, 84 S.Ct. at 898–899. Furthermore, the reasons behind the exhaustion of administrative remedies doctrine are to preclude premature interference with agency processes by the courts and to allow compilation of an adequate record for judicial review. *Heckler v. Ringer*, 466 U.S. 602, 619 n. 12, 104 S.Ct. 2013, 2024 n. 12, 80 L.Ed.2d 622 (1984). The agency process ceased in 1981 when OSM failed to seek review of the administrative decision; therefore, this suit is not premature. The *res judicata* determination may be made from a simple comparison of the 1981 record and the 1988 NOV; therefore, there is no need to allow the administrative process to compile a record as this court has all it needs. At least one court has ruled that the exhaustion of administrative remedies is not required where a party is subjected to vexatious duplicative prosecutions. *Continental Can Co., U.S.A. v. Marshall*, 603 F.2d 590, 596–97 (7th Cir. 1979) (Enjoining duplicative prosecution under OSHA regulations).

## ADMINISTRATIVE RES JUDICATA

"When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–1560, 16 L.Ed.2d 642 (1966) *cited in Rosenfeld v. Dept. of Army*, 769 F.2d 237 (4th Cir.1985); *Accord* RESTATEMENT (SECOND) OF JUDGMENTS § 83 (1982). "A determination by the Bituminous Coal Commission that a producer's

coal was bituminous thereby subjecting it to the Commission's jurisdiction for purposes of a tax was *res judicata* and precluded jurisdiction of the District Court to entertain the issue." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 401–04, 60 S.Ct. 907, 916–917, 84 L.Ed. 1263 (1940); *Cf. Underwriters National Assurance Co. v. North Carolina Life, Accident and Health Ins. Guarantee Ass'n.*, 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982) (State court ruling on jurisdiction was *res judicata*).

These cases and others teach that application of *res judicata* in the administrative context is similar to that in the judicial context, except for an examination of the administrative proceeding to determine whether it was the equivalent of a fair judicial proceeding. *See also* RESTATEMENT (SECOND) OF JUDGMENTS § 83 and Comment 6. The Government makes no claim that the hearing before the ALJ in 1981 was not equivalent to a judicial proceeding. Indeed, such an argument is unjustified. The proceedings must be on the record, 5 U.S.C.A. § 554 (West 1977 & Supp.1981), and have their own "Special Rules Applicable to Surface Coal Mining Hearings and Appeals," 43 C.F.R. 4.1100–4.1296 (1987), which provide for all the normal incidents of an adjudicative proceeding (counsel, discovery, argument, appeals, etc.). Therefore, the Secretary was "acting in a judicial capacity." *Utah Construction*, 384 U.S. at 421–22, 86 S.Ct. at 1559–1560.

The ALJ had jurisdiction of the suit to review the Secretary's decision to issue the NOV. 43 C.F.R. § 4.1101(a)(3). The proceeding involved the same parties and the same issue: both the government and Martin were litigating a NOV and proposed civil penalty for the Trammel branch mine, just as in the case at bar. The result of the 1981 decision was that Martin's mine fell within the two acre exemption.

OSM, however, claims the current dispute is different from the earlier one because (1) the decision was prior to adoption of regulations requiring double counting of haul roads, and (2) "the factual basis is different from the two acre issue litigated in plaintiff's prior proceeding." OSM's reply brief at 11. OSM leaves the court to its own industry for support for its argument since it gives it short shrift.

The court declines to address issue (1) since it is obviously devoid of merit and OSM cites no authority as support. Issue (2), however, deserves some discussion. OSM claims Martin deliberately concealed the Colfax Branch mining that occurred a few months prior to the Trammel Branch mining that is the subject of the two NOVs. Martin conceded at the hearing on the preliminary injunction that he misstated his mining activities at the 1981 hearing. However, OSM presents no evidence to support deliberate concealment or makes no argument that its investigation of Martin's activities was somehow impeded because of his statement. Having witnessed Martin's testimony and his explanation for the misstatement, the court finds him to be a credible witness, his explanation truthful, and his testimony before the ALJ not fraudulent in the absence of any evidence from OSM to the contrary. This issue merits no further discussion as OSM has failed to meet an essential element of proof. *See* Fed.R.Civ.P. 60(b); RESTATEMENT (SECOND) OF JUDGMENTS § 70 and Comment (d) (Party must demonstrate a substantial case to be proven by clear and convincing evidence that concealment occurred to obtain relief from fraud). However, even if Martin had committed perjury, the rule in the Fourth Circuit is that perjury is not grounds for relief under the "fraud on the court" rubric in an independent action to set aside a judgment of another court. *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 675 F.2d 1349, 1356–57 (4th Cir. 1982), *cert. denied*, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978 (1983). Perjury is something that should be exposed at trial. If not, the legal system has other sanctions to enforce respect for the courts. *Id.*

Accordingly, the court enjoins the defendants from prosecuting the disputed NOV and directs the clerk to send certified copies of this opinion to counsel of record.

## ORDER

In accordance with a Memorandum Opinion entered this day, the Court:

(1) ENJOINS Donald Hodel, Secretary of the U.S. Dept. of Interior, and the U.S. Department of Interior, from prosecuting W.D. Martin, d/b/a Martin Coal Co. for any violation of the Surface Mining Control and Reclamation Act, 30 U.S.C.A. § 1201–1328 (West 1986 & Supp.1988) regarding his operation of the Trammel Branch Mine in June and July of 1981, located in Dickenson County, Virginia. This includes NOV # 88–132–423–006;

(2) ENTERS Judgment for the plaintiff, with costs;

(3) STRIKES this matter from the docket, and;

(4) DIRECTS the Clerk to send certified copies of this Order and attached Memorandum Opinion to counsel of record.